**In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.**

**Yolanda Sotelo OZUNA, Plaintiff,**

v.

**AMERICAN HOME PRODUCTS CORPORATION, et al., Defendants.**

**Maria Isabel BOCANEGRA, Plaintiff,**

v.

**AMERICAN HOME PRODUCTS CORPORATION, et al., Defendants.**

**Nos. 1:95CV5062, 1:95CV5061. MDL No. 1038.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 29, 1995.

---

5. Pls.' Original Pet. at 5.

6. Pls.' Mot. to Remand at 2.

Frank Herrera, Jr. of Law Offices of Frank Herrera, Jr., San Antonio, TX, for plaintiff.

John W. Vardaman, F. Lane Heard, III of Williams & Connolly, Washington, DC, Lawrence L. Germer, of Germer & Gertz, LLP Beaumont, TX, for defendant.

*MEMORANDUM OPINION AND ORDER DENYING HUHTAMÄKA OY, LEIRAS OY, DOW CORNING FRANCE, AND WYETH–AYERST INTERNATIONAL, INC.'S MOTION TO RECONSIDER AND GRANTING LEIRAS PHARMACEUTICALS, INC.'S MOTION TO RECONSIDER*

SCHELL, Chief Judge.

Before this court is the motion of Defendants Huhtamäki Oy, Leiras Oy, Leiras Pharmaceuticals, Inc., Dow Corning France, and Wyeth–Ayerst International, Inc. (collectively "Defendants") to reconsider this court's earlier denial of these Defendants' Motion to Dismiss. Additionally, the movants filed the declaration of Hannu Allonen pursuant to 28 U.S.C. § 1746 in support of their motion. Plaintiffs did not file a response. Upon consideration of the motion, declaration, and attached memoranda of law, the court is of the opinion that the motion should be GRANTED in part and DENIED in part.

## BACKGROUND

On May 12, 1995, this court entered an order denying the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. In the order, this court stated that the declaration of Hannu Allonen filed on behalf of Leiras Pharmaceuticals did not expressly contradict the Plaintiffs' allegations. Because the court must take the facts alleged in the complaint as true unless expressly contradicted by some evidence, this court had no choice but to deny Defendant Leiras Pharmaceuticals' motion to dismiss. Further, the court's order held that the exercise of jurisdiction over the Defendants did not offend traditional notions of fair play and substantial justice, as required by due process. Defendants, in their motion, have asked the court to reconsider its rulings on both of these points.

## DISCUSSION

*Leiras Pharmaceuticals*

██ Plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989) (citing *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir.1985)). As this court's earlier order stated, Plaintiffs have only the allegations in the complaint to rely upon. These allegations include:

Leiras Pharmaceuticals ... designed, manufactured, sold and/or distributed, and

continue to design, manufacture, sell and/or distribute, silicone coated levonorgestrel implants, called NORPLANT Contraceptive System, and/or the component parts thereof, for/to hospitals and physicians who implant/place them in the bodies of women, or assumed the liabilities of those who did so.

Further, Plaintiff Ozuna's complaint alleges that "[a] substantial part of the events or omissions forming the basis of this complaint occurred in Bexar County[, Texas]."[1] Finally, although not specified in Plaintiff Bocanegra's complaint, she appears to be alleging that the events surrounding the basis of her complaint occurred in Brownsville, Texas.[2]

■ To determine whether these unsubstantiated allegations are sufficient to support a prima facie case of personal jurisdiction over Leiras Pharmaceuticals, this court must look to any evidence presented by Leiras Pharmaceuticals, in this case the declaration of Hannu Allonen. As this court has previously stated, when unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegations. *See Travelers Indemnity Co. v. Calvert Fire Ins. Co.,* 798 F.2d 826, 831 (5th Cir.1986), *modified,* 836 F.2d 850 (1988). The supplemental declaration filed by Leiras Pharmaceuticals does expressly contradict the allegations in the complaints that it manufactured, sold, or distributed either Norplant or a component part of Norplant.[3] Therefore, such evidence trumps the allegations in the complaint, and Plaintiffs have not established a prima facie case of personal jurisdiction over Leiras Pharmaceuticals.

*"Fair Play and Substantial Justice"*

■ This court, in its order of May 12, 1995, found that Defendants had minimum contacts with Texas and that the exercise of jurisdiction over the Defendants in this case comported with traditional notions of fair play and substantial justice. Defendants do not dispute the court's finding of minimum contacts. However, Defendants do ask this court to reconsider its interpretation of the standards for "fair play and substantial justice."

As this court's previous order stated, to determine whether requiring a defendant to defend a suit in a distant forum comports with "traditional notions of fair play and substantial justice," a court must consider several factors:

(1) the burden upon the nonresident defendant;

(2) the interests of the forum state;

(3) the plaintiff's interest in securing relief;

(4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

(5) the shared interest of the several states in furthering fundamental substantive social policies.

*Wilson v. Belin,* 20 F.3d 644, 647 n. 3 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994) (citations and quotations omitted).

Defendants argue that the burden on them is as "severe" as was the burden on the defendant in *Asahi Metal Indus. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), in which the Court found that exercising jurisdiction over the foreign defendant would not comport with fair play and substantial justice. Defendants' assertion is based on the language of *Asahi* in which the Court discussed the burden on a defendant of being forced to "traverse the distance" between its foreign headquarters and a United States courthouse. However, Defendants fail to mention that the Court's recognition of the "unique burden[ ]" was further based on the fact that the foreign defendant would be required to litigate a dispute *with another foreign corporation* in the United States. This point alone makes the burden on the Defendants somewhat less

---

1. Pl. Ozuna's Original Compl. ¶ 15.

2. Pl. Bocanegra's Original Compl. ¶¶ 15, 17.

3. Specifically, the declaration of Hannu Allonen states that Leiras Pharmaceuticals has never been involved with the "design, manufacture, sale, or distribution of any Norplant (or a component thereof) sold in, or delivered to, Texas, or any other destination in the United States." Allonen Decl. ¶ 15.

uniquely burdensome than in *Asahi,* because in the case at bar, the dispute is between Texas plaintiffs and domestic and foreign defendants.

Further, both the Supreme Court and the Fifth Circuit have stated that the burden on a defendant to defend a suit in a foreign country may be justified if the interests of the plaintiff and the forum are of sufficient importance. *Asahi,* 480 U.S. at 114, 107 S.Ct. at 1033; *Gulf Consol. Servs. v. Corinth Pipeworks, S.A.,* 898 F.2d 1071, 1075 (5th Cir.), *cert. denied,* 498 U.S. 900, 111 S.Ct. 256, 112 L.Ed.2d 214 (1990); *Irving v. Owens–Corning Fiberglas Corp.,* 864 F.2d 383, 387 (5th Cir.), *reh'g denied,* 872 F.2d 423, *cert. denied sub nom. Jugometal Enter. for Import and Export of Ores and Metals v. Irving,* 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (1989). Contrary to Defendants' assertions, in the case at bar, Texas has a demonstrable interest in providing a forum for litigation involving an allegedly defective product "because the product was used in [Texas], because the [alleged] defect surfaced in [Texas], because the ... injury has befallen a resident of Texas, and because the court has not dismissed the remaining litigation in [Texas]." *Bean Dredging Corp. v. Dredge Technology Corp.,* 744 F.2d 1081, 1085 (5th Cir.1984), *cited with approval in, Gulf Consol. Servs.,* 898 F.2d at 1074–75.

Plaintiffs also have an interest in convenient and effective relief which would be served by exercising jurisdiction over Defendants in Texas. Finally, it is in the interest of "justice and judicial economy to allow a single judicial proceeding in [Texas] involving all of the parties to resolve [the issue of liability for Plaintiff's alleged injuries] rather than engaging in piecemeal litigation in several different forums." *United States v. Avondale Indus., Inc.,* 841 F.Supp. 180, 185 (M.D.La.1993).

For all of the above reasons, exercising jurisdiction over Defendants in this case would not offend traditional notions of fair play and substantial justice. Contrary to what Defendants argue, this court has not allowed the Plaintiffs' interests to outweigh all other *Asahi* factors. Rather, after examining all of these factors, the court is convinced that several, if not all, of the factors individually, as well as all factors *in toto,* support the exercise of jurisdiction over the Defendants in Texas.

Defendants make the final argument that they should not be in this lawsuit because they are not named as defendants in many of the other suits related to Norplant. However, regardless of whether the Defendants have been named in any other suits pertaining to Norplant, this court must consider that they have been named as defendants in *this* action. Further, Defendants make the mistaken assumption that since Plaintiffs filed no opposition to the motion to dismiss, Plaintiffs' interests in keeping Defendants in this lawsuit is somehow lessened. Such has never been a part of the *Asahi* test, nor should it be. Unless and until Plaintiffs themselves actively *agree* to dismiss the Defendants, this court has a duty to apply the law of this circuit to the facts and only then to reach the appropriate outcome.

## CONCLUSION

It is, therefore, ORDERED that Leiras Pharmaceuticals, Inc.'s Motion to Reconsider is GRANTED and Leiras Pharmaceuticals, Inc. is hereby DISMISSED from the above-styled action. It is further ORDERED that Huhtamäki Oy, Leiras Oy, Dow Corning France, and Wyeth–Ayerst International, Inc.'s Motion to Reconsider is DENIED.