In re NORPLANT CONTRACEPTIVE
PRODUCTS LIABILITY
LITIGATION.

Graciela T. DOMINGUEZ, Plaintiff,

v.

AMERICAN HOME PRODUCTS
CORPORATION, et al.,
Defendants.

MDL No. 1038.
No. 1:95 CV 5053.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 29, 1995.

Frank Herrera, Jr. and Adam Poncio of Law Offices of Frank Herrera, Jr., San Antonio, TX, for Plaintiff.

John R. Henderson and Marilyn S. Mollet of Vial, Hamilton, Koch & Knox, Dallas, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER DENYING WYETH–AYERST INTERNATIONAL, INC.'S MOTION TO RECONSIDER

SCHELL, Chief Judge.

Before this court is the motion of Defendant Wyeth–Ayerst International, Inc. ("Defendant") to reconsider this court's earlier denial of this Defendant's Motion to Dismiss. Plaintiffs did not file a response. Upon consideration of the motion and attached memoranda of law, the court is of the opinion that the motion should be DENIED.

### BACKGROUND

On May 12, 1995, this court signed an order denying the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. The court, in its order, held that the exercise of jurisdiction over the Defendants did not offend traditional notions of fair play and substantial justice, as required by due process. Defendant, in its motion, has asked the court to reconsider its rulings on this point.

### DISCUSSION

This court, in its order of May 12, 1995, found that Defendant had minimum contacts with Texas and that the exercise of jurisdiction over the Defendant in this case comported with traditional notions of fair play and substantial justice. Defendant does not dispute the court's finding of minimum contacts. However, Defendant does ask this court to reconsider its interpretation of the standards for "fair play and substantial justice."

■ As this court's previous order stated, to determine whether requiring a defendant to defend a suit in a distant forum comports with "traditional notions of fair play and substantial justice," a court must consider several factors:

(1) the burden upon the nonresident defendant;

(2) the interests of the forum state;

(3) the plaintiff's interest in securing relief;

(4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

(5) the shared interest of the several states in furthering fundamental substantive social policies.

*Wilson v. Belin,* 20 F.3d 644, 647 n. 3 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994) (citations and quotations omitted).

■ Defendant argues that the burden on it is as "severe" as was the burden on the defendant in *Asahi Metal Indus. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), in which the Court found that exercising jurisdiction over the foreign defendant would not comport with fair play and substantial justice. Defendant's assertion is based on the language of *Asahi* in which the Court discussed the burden on a defendant of being forced to "traverse the distance" between its foreign headquarters and a United States courthouse. However, Defendant fails to mention that the Court's recognition of the "unique burden[ ]" was further based on the fact that the foreign defendant would be required to litigate a dispute *with another foreign corporation* in the United States. This point alone makes the burden on the Defendant somewhat less uniquely burdensome than in *Asahi,* because in the case at bar, the dispute is between Texas plaintiffs and domestic and foreign defendants.

Further, both the Supreme Court and the Fifth Circuit have stated that the burden on a defendant to defend a suit in a foreign country may be justified if the interests of the plaintiff and the forum are of sufficient importance. *Asahi,* 480 U.S. at 114, 107 S.Ct. at 1033; *Gulf Consol. Servs. v. Corinth Pipeworks, S.A.,* 898 F.2d 1071, 1075 (5th Cir.), *cert. denied,* 498 U.S. 900, 111 S.Ct. 256, 112 L.Ed.2d 214 (1990); *Irving v. Owens–Corning Fiberglas Corp.,* 864 F.2d 383, 387 (5th Cir.), *reh'g denied,* 872 F.2d 423,

*cert. denied sub nom. Jugometal Enter. for Import and Export of Ores and Metals v. Irving,* 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (1989). Contrary to Defendant's assertions, in the case at bar, Texas has a demonstrable interest in providing a forum for litigation involving an allegedly defective product "because the product was used in [Texas], because the [alleged] defect surfaced in [Texas], because the ... injury has befallen a resident of Texas, and because the court has not dismissed the remaining litigation in [Texas]." *Bean Dredging Corp. v. Dredge Technology Corp.,* 744 F.2d 1081, 1085 (5th Cir.1984), *cited with approval in, Gulf Consol. Servs.,* 898 F.2d at 1074–75.

Plaintiffs also have an interest in convenient and effective relief which would be served by exercising jurisdiction over the Defendant in Texas. Finally, it is in the interest of "justice and judicial economy to allow a single judicial proceeding in [Texas] involving all of the parties to resolve [the issue of liability for Plaintiff's alleged injuries] rather than engaging in piecemeal litigation in several different forums." *United States v. Avondale Indus., Inc.,* 841 F.Supp. 180, 185 (M.D.La.1993).

For all of the above reasons, exercising jurisdiction over the Defendant in this case would not offend traditional notions of fair play and substantial justice. Contrary to what the Defendant argues, this court has not allowed the Plaintiffs' interests to outweigh all other *Asahi* factors. Rather, after examining all of these factors, the court is convinced that several, if not all, of the factors individually, as well as all factors *in toto,* support the exercise of jurisdiction over the Defendant in Texas.

■ Defendant makes the final argument that they should not be in this lawsuit because it is not named as a defendant in many of the other suits related to Norplant. However, regardless of whether the Defendant has been named in any other suits pertaining to Norplant, this court must consider that it has been named as a defendant in *this* action. Further, Defendant makes the mistaken assumption that since Plaintiffs filed no opposition to the motion to dismiss, Plaintiffs' interests in keeping Defendant in this lawsuit is

somehow lessened. Such has never been a part of the *Asahi* test, nor should it be. Unless and until Plaintiffs themselves actively *agree* to dismiss the Defendant, this court has a duty to apply the law of this circuit to the facts and only then to reach the appropriate outcome.

## CONCLUSION

It is, therefore, ORDERED that Wyeth–Ayerst International, Inc.'s Motion to Reconsider is DENIED.