IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60314

Summary Calendar

_____

TRENT EASON,

                                    Plaintiff-Appellant,

versus

STEVE PUCKETT; ED HARGETT; JAMES ANDERSON;

ETHEL CARLIZE; ANN LEE,

                                    Defendants-Appellees.

---------------------

Appeal from the United States District Court

for the Northern District of Mississippi

USDC No. 4:96-CV-187-B-D

---------------------

October 2, 1998

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Trent Eason, a Mississippi inmate (# 47551), appeals the

dismissal of his civil rights complaint as frivolous pursuant to 28

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 1915(e)(2)(B)(i). Eason argues that the district court abused its discretion in dismissing as frivolous his due-process claim regarding his placement in a type of custody similar to administrative segregation and in overlooking his Eighth Amendment claims that related to such confinement. We have reviewed the record and Eason's brief and AFFIRM the district court's dismissal of Eason's due-process claim for essentially the reasons set forth by the magistrate judge and adopted by the district court. See Eason v. Puckett, No. 4:96CV187-B-B (N.D. Miss. Mar. 27, 1997); see Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1996)("[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim"). Eason's Eighth Amendment allegations, which concern prison officials' removal of an electric fan from his cell and the health risks this removal allegedly created, remain vague and conclusional and are insufficient to state a claim under this court's heightened pleading requirement for 42 U.S.C. § 1983 actions. See Colle v. Brazos County, Tex., 981 F.2d 237, 243 & n.26 (5th Cir. 1993).

AFFIRMED.

JOHNSON, SAM J., Circuit Judges, concurring in part and dissenting in part.

While I concur with the majority's finding on Eason's due process claim, I believe that the district court dismissed his Eighth Amendment claim prematurely.

2

The Eighth Amendment's prohibition on cruel and unusual punishment "imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994)). This Circuit has recognized that "conditions of confinement which expose inmates to . . . identifiable health threats may implicate the guarantees of the Eighth Amendment." Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989). However, the Eighth Amendment's protection extends only to "conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." Id.

While Eason has been housed in "D-Custody," his use of a fan in his prison cell has been restricted. Eason complains, albeit in a conclusory manner, that during the summer he must endure extreme heat and humidity in his prison cell. He claims that the strong odor from a cesspool outside his cell window makes breathing difficult during the summer months. Eason contends that the sum of these conditions aggravates his medical condition, which he describes as "breathing problems." Eason further claims that his only relief from these conditions comes from the use of his fan. For this reason, Eason asserts that depriving him of the use of his fan while he is housed in "D-Custody" violates the Eighth Amendment because such deprivation exposes him to extreme temperatures, foul odors, and risks to his health.

Such allegations may state a colorable claim for an Eighth Amendment violation. However, the record relating to Eason's Eighth Amendment claims consists of only the conclusory allegations his pro se complaint and the attachments supporting the complaint.[**] Because pro se pleadings must be construed liberally,[***] this Circuit has developed several judicial tools to assist courts in distinguishing between the wheat of meritorious claims and the chaff of frivolous ones.[****] Such tools include written interrogatories,[*****] Spears[******] hearings, and allowing pro se litigants to amend their claims.[*******] None of these opportunities were afforded Eason before the district court dismissed his Eighth Amendment claim as frivolous.

It may well be that after further development, the facts underlying Eason's complaint will be found to lack the requisite

---

[**]The district court adopted the suggestions of the magistrate judge and sua sponte dismissed Eason's complaint as frivolous. Though Eason was given a Spears hearing, the magistrate judge inquired only about Eason's due process claim. The Eighth Amendment claim was never addressed.

[***]See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972).

[****]The use of these judicial tools is not neccessary in every pro se proceeding. However, in the present facts, further factual development is merited.

[*****]See Watson v. Ault, 525 F.2d 886 (5th Cir. 1976).

[******]See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[*******]See Foulds v. Corley, 833 F.2d 52, 54 (5th Cir. 1987)

"arguable basis in law or fact" and will merit dismissal.[8] See Neitzke v. Williams, 409 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). His claim could very well be disposed of by summary proceedings.[9] However, Eason has not been given a chance to offer specific allegations in support of his complaint. Dismissal as frivolous under 42 U.S.C. § 1915(d) could not be made without further factual development consistent with Spears and its progeny.[10] Dismissal was, therefore, premature. For that reason, I dissent from the majority opinion.

---

[8]Eason raised his claims in a 42 U.S.C. § 1983 action. In this Circuit § 1983 complaints are subject to heightened pleading requirements mandating that such pleadings state specific facts, not mere conclusory allegations. Colle v. Brazos County, 981 F.2d 237, 243 & n.26-27 (5th Cir. 1993); Mills v. Crim. Dist. Court No. Three, 837 F.2d 677, 678 (5th Cir. 1988). Eason's pleadings, should he choose to amend them, will be subject to this standard.

[9]In Woods v. Edwards, the court disposed of a similar Eighth Amendment claim by summary judgement. There, the court found that absent medical evidence or an identified basic human need that the prison had failed to meet, mere allegations of high temperatures in a lockdown cell could not support a claim that an inmate was subjected to cruel and unusual punishment. Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995)

[10]Unless the frivolousness of a claim "is facially apparent, it is incumbent upon the court to develop the case and sift the claims and known facts thoroughly until completely satisfied either of its merit or lack of same." Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).