United States Court of Appeals,

Fifth Circuit.

No. 90-2476.

Ruby COLLE, Individually etc., et al., Plaintiffs-Appellants,

v.

BRAZOS COUNTY, TEXAS, Ronnie Miller, Individually and in his Official Capacity as Sheriff of Brazos County, Texas, and Unnamed Employees of the Brazos County Sheriff's Department, Defendants-Appellees.

Jan. 20, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, BROWN and JONES, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Alleging violations of 42 U.S.C. § 1983, pretrial detainee's survivors appeal the 12(b)(6) dismissal of their claims against Brazos County, its Sheriff and "unnamed employees." For the following reasons, we (1) hold that we do not have jurisdiction over all Plaintiffs on appeal, (2) affirm the dismissal of the unnamed defendants, (3) reverse the dismissal of Brazos County and Sheriff Ronnie Miller in his capacity as Sheriff, and (4) reverse the dismissal of Sheriff Ronnie Miller, individually.

How It All Began

The complaint filed by Richard Lee Colle's survivors alleges the following facts. On February 20, 1985, Colle was arrested pursuant to a felony warrant and confined as a pretrial detainee in the Brazos County Jail in Bryan, Texas. Colle was visibly intoxicated. Two days later, Colle slipped and fell in the jail. A physician examined him at St. Joseph's Hospital in Bryan and determined that the injuries were minor. The doctor advised the jail personnel to monitor Colle's condition because of his alcoholism, cirrhosis of the liver and possible onset of delirium tremens.

During the evening of February 23 and the early morning of February 24, the jailers observed that Colle was unable to take his prescribed medication and communicate coherently. The midnight-shift supervisor contacted his superior regarding Colle's condition, and was told to contact

the day-shift supervisor. The day-shift supervisor advised that when he came on duty later that day he would attempt to have Colle moved from the jail. Between 7:45 a.m. and 8:50 a.m. on the 24th, jailers observed Colle hitting his fist and face on the concrete floor of the cell while his whole body was shaking. They noticed blood on his hand. His breathing was forced and eventually stopped. At approximately 9:00 a.m., a jail officer began administering CPR, but became ill and turned over the resuscitation to a jail trustee. Emergency medical service personnel arrived and transported Colle to the hospital where he was pronounced dead on arrival.

Colle's survivors[1] filed suit against Brazos County; Ronnie Miller, individually and in his official capacity as Sheriff; and "unnamed employees of the Brazos County Sheriff's Department." The survivors alleged violations of 42 U.S.C. § 1983 and state law claims for negligence and gross negligence.

The Second Original Amended Complaint asserted in part that policies of Sheriff Miller caused a deprivation of Colle's Fourteenth Amendment right, which included the right to adequate medical treatment.

On February 7, 1990, the trial judge by order dismissed Plaintiffs' claims against Brazos County for failure to state a federal claim upon which relief can be granted and against Sheriff Miller for failure to allege facts that would deny Miller qualified immunity.[2] The court further directed that a Joint Pretrial Order with all required attachments be filed by April 6, 1990.

On April 7, 1990, Plaintiffs filed a motion for continuance and to extend the time for filing the joint pretrial order. At an April 16 hearing, Plaintiffs moved for a continuance. The trial judge stated that the case had been on file for three years and that the "unnamed employees" had not yet been identified or served. To this Plaintiffs' counsel suggested, "the Court might want to consider dismissing as to those two remaining Defendants. I, quite honestly, don't see any problems with

---

[1]Plaintiff's Original Complaint indicates that the following persons brought suit: "Ruby Colle [surviving wife], individually and on behalf of Ricky Samuel Colle; Edna Colle [mother], individually and on behalf of the estate of Richard Lee Colle, deceased; Judy Davidson [sister], on behalf of Tara Rose Colle, Charles E. Colle, and Ruth Marie Craft."

[2]The district court dismissed the state law claims without prejudice to being litigated in state court.

doing that."  The court responded:

> That's what I'm going to do.  I'm going to dismiss the case for want of prosecution. I've bent over backwards to indulge the Plaintiff in this case.
>
> Even though the original two complaints, as I recall, were inadequate, I allowed you to assist in filing a further amended complaint;  and the failure to do anything in the case over the last two months, including filing a joint pretrial order, the failure to take any action to identify or to seek service of the two unnamed Defendants, shows a lack of interest in the case;  and I'm going to dismiss the case for want of prosecution.

Plaintiffs' counsel failed to object, and the dismissal order was filed on April 18, 1990.

## A Stumbling Block of Jurisdictional Proportion

The initial issue before this court is jurisdictional.  We raise the question *sua sponte* because we have an independent duty to determine our jurisdiction over any case presented to us for decision.[3] The Notice of Appeal (NA) caption designates the prospective appellants only as "Ruby Colle, et al." Moreover, the body of the NA never refers to Colle's survivors by name, but only by the term "Plaintiffs."[4]  We must determine whether we have jurisdiction over all plaintiffs including those designated by "et al." or whether our jurisdiction is limited to the party specifically named in the NA. We hold that our jurisdiction is limited to Ruby Colle, who sued individually and on behalf of Ricky Samuel Colle, a minor.[5]

Fed.R.App.P. 3(c) provides in pertinent part that a notice of appeal "shall specify the party or parties taking the appeal."  The Supreme Court has made clear that the language "et al." in a notice of appeal fails to provide the required notice under Rule 3(c).[6]  In *Torres,* the Court reasoned that:

> The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the

---

[3]*Persyn v. U.S.,* 935 F.2d 69, 71 (5th Cir.1991) (citing *Morales v. Pan Am. Life Ins. Co.,* 914 F.2d 83, 85 (5th Cir.1990)).

[4]The NA provided:  "Plaintiffs give notice of appeal to the United States Court of Appeals for the Fifth Circuit from the final judgment entered in this case on April 18, 1990."

[5]The plaintiffs identified and remaining at the district court's final judgment of dismissal of April 18, 1990 were Ruby Colle, individually and on behalf of Ricky Samuel Colle, a minor;  Edna Colle, individually and on behalf of the Estate of Richard Lee Colle, deceased;  and Judy Davidson, on behalf of Tara Rose Colle, a minor.

[6]*Barnhardt Marine Ins., Inc. v. New England Surety of America, Inc.,* 961 F.2d 529, 536 (5th Cir.1992) (citing *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)).

opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient.[7]

The Court concluded that the failure to include the name of a petitioner in the notice constituted a jurisdictional bar to the appeal on behalf of the unidentified party.[8] Following the same rationale, we hold that we have no jurisdiction over the following undesignated parties: Edna Colle, individually and on behalf of the Estate of Richard Lee Colle, deceased; and Judy Davidson, on behalf of Tara Rose Colle, a minor.

The NA, however, was adequate with respect to Ruby Colle and Ricky Samuel Colle, a minor, on whose behalf Ruby Colle jointly sued. After *Torres,* the Fifth Circuit has recognized four situations in which failure to name a party in a notice of appeal is not fatal to gaining jurisdiction.[9] The last exception applies in this case. When parents sue on their own behalf and on behalf of their children, the children's appeal is preserved despite the parents' failure to name the children in the notice. In *King v. Otasco, Inc.,* a father failed to specify in a notice of appeal that he appealed both individually and on behalf of his children as their next friend.[10] There we held that the deletion did not deprive the court of jurisdiction over the children's appeal.[11] Likewise, in this case we have

---

[7]*Torres,* 487 U.S. at 318, 108 S.Ct. at 2409.

[8]*Id.* at 317-18, 108 S.Ct. at 2409. The fact that the parties do not dispute who intended to appeal is of no consequence. *Hartford Cas. Ins. Co. v. Borg-Warner Corp.,* 913 F.2d 419, 422 (7th Cir.1990).

[9]First, "et al." appropriately names a party when only two parties filed suit in district court. *Griffith v. Johnston,* 899 F.2d 1427, 1430 (5th Cir.1990) (citing *Pope v. Mississippi Real Estate Comm'n,* 872 F.2d 127, 129 (5th Cir.1989)). Second, in a class action suit, the "et al." designation adequately identifies the members of the class not specifically named in the notice. Third, appellants may cure an inappropriate use of "et al." by filing a "Memorandum in Support of Appellants' Motion for Injunction Pending Appeal" listing all plaintiffs within the 30-day deadline. *Id.* (citing *Brotherhood of Ry. Carmen v. Atchison, Topeka & Santa Fe Ry. Co.,* 894 F.2d 1463, 1465 (5th Cir.1990)). Finally, when parents sue on their behalf and on behalf of their children, the children's appeal is preserved despite the parents' failure to name the children in the notice. *Id.* (citing *King v. Otasco, Inc.,* 861 F.2d 438, 443 (5th Cir.1988)).

[10]861 F.2d 438, 442-43 (5th Cir.1988).

[11]*Id. King* is distinguishable from *Torres* for two reasons. In *Torres,* a lawyer's secretary inadvertently omitted Torres's name from the notice of appeal. The notice correctly listed fifteen other petitioners and concluded with "et al." We determined that the first distinction from *Torres* was that *King* concerned not the omission of a party from a notice of appeal, but rather "a party's

jurisdiction to review the appeal of Ruby Colle, individually and on behalf of Ricky Samuel Colle, a minor.

Other Circuits recognize additional exceptions to *Torres*.[12] For example, the Ninth Circuit in several decisions held that a notice of appeal need not list the names of all appealing parties if a generic term, such as "plaintiffs" or "defendants," adequately identifies them.[13] The Ninth Circuit reasoned that these terms normally mean *all* plaintiffs or defendants and that if only some of the parties intended to appeal, the body of the notice should have stated that *certain* plaintiffs or

---

failure to designate all of the capacities in which he brought suit." The second distinction we recognized was that the appellee in *Torres* could not have known of Torres's appeal except by construing "et al." to include him. In *King,* however, "the notice warns even without the ["et al."] abbreviation that King ... desired to appeal."

[12]*See, e.g., Albedyll v. Wisconsin Porcelain Co. Rev. Ret. Plan,* 947 F.2d 246, 252-54 (7th Cir.1991) (finding jurisdiction on the basis of excusable neglect where the named appellant [a retirement plan] could not in practicality appeal without the unnamed parties [trustees of the retirement plan] and the appellee was aware of this); *Hubbert v. City of Moore, Okla.,* 923 F.2d 769, 772 (10th Cir.1991) (holding that adequate notice existed where the appealing party attached to the notice of appeal a docketing statement listing all parties. However, where the lower court, rather than the appellant, files the docketing statement, the defect is not cured); *Persyn v. U.S.,* 935 F.2d 69, 71 (5th Cir.1991).

[13]*Benally v. Hodel,* 940 F.2d 1194, 1197 (9th Cir.1990) (listing several Ninth Circuit cases recognizing adequate notice through the use of a generic term); *National Center for Immigrants' Rights v. Immigration & Naturalization Serv.,* 892 F.2d 814, 816 (9th Cir.1989); *cf. Adkins v. United Mine Workers,* 941 F.2d 392, 397-98 (6th Cir.1991) (holding that "*all* of the Plaintiffs" was sufficient notice for the unnamed plaintiffs); *Baylis v. Marriott,* 906 F.2d 874, 876-77 (2d Cir.1990) (concluding that "*all* the plaintiffs" was the functional equivalent of naming each of nearly 200 appellants); *Ford v. Nicks,* 866 F.2d 865, 870 (6th Cir.1989) (holding that "*the* defendants" gave fair notice). *But cf. Rosario-Torres v. Hernandez-Colon,* 889 F.2d 314, 316-17 (1st Cir.1989) (holding that use of "plaintiffs" did not effect notice); *Santos-Martinez v. Soto-Santiago,* 863 F.2d 174, 176 (1st Cir.1988) (finding that "all plaintiffs" did not satisfy the requirement of naming each appellant); *Cotton v. U.S. Pipe & Foundry Co.,* 856 F.2d 158, 161-62 (11th Cir.1988) (holding that appellate jurisdiction was limited to named appellants notwithstanding the statement in the NA that "named Plaintiffs ... and all others similarly situated, hereby appeal").

The evolving interpretations of adequate notice after *Torres* generate extensive research responsibilities for practitioners and the judiciary. A search of Shepard's citation service yields at least twenty opinions that address situations distinguishable from *Torres.* We join the Sixth and the Seventh Circuits in endorsing a revision of Rule 3(c) to identify all valid exceptions after *Torres. See Hartford Cas. Ins. Co. v. Borg-Warner Corp.,* 913 F.2d 419, 424 n. 3 (7th Cir.1990); *Minority Employees of Tenn. Dep't of Employment Sec. v. Tennessee,* 901 F.2d 1327, 1335 n. 4 (6th Cir.1990).

defendants appeal.[14] The body of the Notice in this case contains the term "Plaintiffs."

The Fifth Circuit, however, has not reached the same conclusion as the Ninth Circuit on the use of generic terms. In *Resolution Trust v. Sonny's Old Land Corp.,* we held that our jurisdiction was limited to the only named defendant since "defendants" did not indicate with any degree of certainty which of the other defendants below joined in the appeal.[15] Because the NA resembles that in *Sonny's Old Land,* we hold that use of the term "Plaintiffs" in the body does not provide notice for plaintiffs other than Ruby Colle, in her several capacities.

The Unnamed Defendants

In addition to the other defendants, Plaintiffs brought suit against "unnamed employees of the Brazos County Sheriff's Department." Because Plaintiffs failed to further identify who these employees were, the district court's dismissed the "unnamed employees" for want of prosecution. We conclude that the dismissal was proper.

A dismissal with prejudice for failure to prosecute operates as an adjudication on the merits[16] and is reversible only when the court has abused its discretion.[17] Fed.R.Civ.P. 41(b) provides that a defendant may move to dismiss a claim for plaintiff's failure to prosecute. The court may also dismiss a case on its own motion.[18] Although dismissal with prejudice is a discretionary matter, this Circuit has "generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff."[19]

---

[14]*INS,* 892 F.2d at 817.

[15]937 F.2d 128, 129 (5th Cir.1991).

[16]F.R.Civ.P. 41(b) ("Unless the court ... otherwise specifies, a dismissal under [41(b) ] ... operates as an adjudication upon the merits.").

[17]*Ramsey v. Bailey,* 531 F.2d 706, 707-08 (5th Cir.1976).

[18]*Lopez v. Aransas County Ind. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir.1978); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).

[19]*Durham v. Florida E. Coast Ry. Co.,* 385 F.2d 366, 367 (5th Cir.1967).

Plaintiffs' failure to further identify or serve the "unnamed employees" after three years,[20] along with their failure to file the joint pretrial order, is sufficient to warrant dismissal. Indeed, Plaintiffs' counsel suggested the dismissal of the "unnamed employees" and did not "see any problems with doing that." The suggestion illustrates that the plaintiffs lacked interest in those defendants and that any further proceedings were pointless.[21] These factors combined convince us that the district court did not abuse its discretion in dismissing the unnamed defendants.

## 12(b)(6): Failure to State a Claim

We now consider whether the district judge properly dismissed claims against Brazos County and Ronnie Miller, in his official capacity as Sheriff, pursuant to Fed.R.Civ.P. 12(b)(6). Under 12(b)(6), a defendant may move for dismissal for the failure of the plaintiff's complaint to state a claim upon which relief can be granted. When reviewing a 12(b)(6) dismissal,

> we may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[22] We cannot uphold the dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[23]

A plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests.[24] In most cases, challenges

---

[20]*Cf. Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980). "As a general rule, the use of "John Doe" to identify a defendant is not favored. However, ... plaintiff should be given an opportunity through discovery to identify the unknown defendants...." *Id.* (citations omitted). Colle's survivors had three years in which to discover the unnamed defendants' identities.

[21]*Cf. Theilmann v. Rutland Hosp.,* 455 F.2d 853, 856 (2d Cir.1972) (finding no abuse of discretion for dismissal with prejudice based on factors including delays and plaintiff counsel's refusal to continue); *Thompson v. Fleming,* 402 F.2d 266, 266-67 (5th Cir.1968) (finding no abuse of discretion for dismissal without prejudice when plaintiff's counsel declined to proceed).

[22]*Partridge v. Two Unknown Police Officers of Houston,* 791 F.2d 1182, 1185-86 (5th Cir.1986) (citing *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.,* 690 F.2d 489, 500 (5th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)).

[23]*Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)).

[24]*Conley v. Gibson,* 355 U.S. at 47-48, 78 S.Ct. at 102-03 (stating the validity of "notice pleadings.")

to "barebones pleadings" are doomed with respect to an attack based on a failure to state a claim.[25] This Circuit, however, maintains a heightened pleading requirement for complaints charging violations of 42 U.S.C. § 1983.[26] We require pleadings to state specific facts, not mere conclusory allegations.[27]

(i) County Liability under § 1983

Plaintiffs bring suit against Brazos County and Sheriff Miller in his official capacity for the injuries incurred by Colle. Section 1983 imposes civil liabilities for depriving a person of constitutionally protected rights. First, we address whether Plaintiffs' claim is sufficient to allege a constitutional deprivation under § 1983.

Plaintiffs charge that Colle's death was the direct result of Brazos County's deliberate indifference toward his medical needs. The right of convicted prisoners not to have serious medical needs treated with deliberate indifference was established in *Estelle v. Gamble.*[28] *Gamble* holds that deliberate indifference to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. Gamble applied this standard of medical care to prisoners who had actually been convicted. A pretrial detainee like Colle, however, has a Fourteenth Amendment Due Process right to be free from punishment altogether.[29] Thus, the

---

[25]*See Cook & Nichol, Inc. v. Plimsoll Club,* 451 F.2d 505, 506-07 (5th Cir.1971) (citing numerous reversals of claims dismissed on "barebones pleadings" alone).

[26]In *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985), this circuit adopted the heightened pleading requirement for cases against government officials in their individual capacities. In *Palmer v. City of San Antonio,* 810 F.2d 514, 516-17 (5th Cir.1987), and, most recently, in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 954 F.2d 1054, 1057-58 (5th Cir.1992), *cert. granted,* --- U.S. ----, 112 S.Ct. 2989, 120 L.Ed.2d 867 (1992), we extended the heightened pleading requirement to the municipality context. Thus, under this line of cases, the heightened pleading requirement governs all § 1983 complaints brought in this circuit.

[27]*Elliott v. Perez,* 751 F.2d at 1479 & n. 20. *Elliott* provides that in § 1983 cases, "we consistently require the claimant to state specific facts, not merely conclusory allegations." The opinion cites numerous opinions following this practice in this and other circuits.

[28]*Burns v. City of Galveston,* 905 F.2d 100, 103 (5th Cir.1990) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

[29]*Partridge v. Two Unknown Police Officers,* 791 F.2d at 1186 (citing *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). *See also Cupit v. Jones,* 835 F.2d 82, 85 (5th Cir.1987):

inadequate medical care of Colle alleged by Plaintiffs falls within the broad scope of reasonable medical care and is actionable under § 1983.

To establish county/municipality[30] liability under § 1983, however, a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation.[31] A municipality may not be held strictly liable for the acts of its non-policy-making employees under a *respondeat superior* theory.[32] It cannot be held liable solely because it employs a tortfeasor.[33] Rather, only when the execution of a county's policies or its customs deprives an individual of constitutional or federal rights, does liability under § 1983 result.[34] The sheriff is without question the county's final policymaker in the area of law enforcement.[35] Thus, a municipality like Brazos County can be held accountable for the illegal or unconstitutional actions of Sheriff Miller. He clearly set the goals for the county and determined how those goals would be achieved.[36]

Plaintiffs' detailed complaint identifies several policies which they allege caused the denial of

---

> Pretrial detainees, as opposed to convicted prisoners, are those individuals who have been charged with a crime but who have not yet been tried on the charge.... We highlight the distinction between pretrial detainees and convicted prisoners because the due process clause of the fourteenth amendment accords pretrial detainees rights not enjoyed by convicted inmates under the eighth amendment prohibition against cruel and unusual punishment.

*Id.* at 84.

[30]*Brummett v. Camble,* 946 F.2d 1178, 1182-83 (5th Cir.1991). *Brummett* uses "county" and "municipality" interchangeably in discussing lack of immunity under § 1983. *See id.*

[31]*Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

[32]*Oklahoma City v. Tuttle,* 471 U.S. 808, 817-18, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985).

[33]*See id.,* 436 U.S. at 691, 98 S.Ct. at 2036.

[34]*See id.,* 436 U.S. at 694, 98 S.Ct. at 2037.

[35]"[I]t has long been recognized that, in Texas, the county sheriff is the county's final policymaker in the area of law enforcement" by virtue of the sheriff's election to office. *Turner v. Upton County,* 915 F.2d 133, 136 (5th Cir.1990) (citing *Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir.1980)).

[36]*Turner,* 915 F.2d at 136. We add that a county enjoys no § 1983 immunity regardless of any qualified immunity that might be afforded its officials.

reasonable medical care to Colle.[37] An official policy is "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority."[38] A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.[39] For example, even though an arresting police officer uses excessive force, it does not necessarily follow

---

[37]The Second Amended Complaint alleged the following:

> Richard Lee Colle's death was directly and proximately caused by a number of official policies, customs, and practices of Brazos County, the Brazos County Sheriff's Department, and Defendant Ronnie Miller with respect to the maintenance of prisoners within the jail.
>
> Such official policies, customs, and practices manifested deliberate indifference to or conscious or callous disregard for the safety security, physical well-being, and serious medical needs of prisoners within the jail.
>
> Specifically, such official policies, customs, and practices were as follows:
>
> 1. Allowing inmates to go through severe alcohol withdrawal in a steel and concrete cell inherently unsuitable and unsafe for a person in that condition;
>
> 2. Requiring inmates to acquire and pay for their own medical treatment for serious and urgent illness or injury;
>
> 3. Maintaining an on-duty jail supervisory staff that did not include anyone with authority to transfer an inmate to a medical facility when that inmate's condition warranted such a transfer;
>
> 4. Maintaining an on-duty jail supervisory staff that did not include anyone adequately trained to monitor or treat the serious medical needs of inmates;
>
> 5. Allowing inmate trustees to administer cardiopulmonary resuscitation to other inmates;
>
> 6. Ignoring specific advice from an examining physician to closely observe and provide follow-up medical attention to an inmate with a diagnosed medical condition likely to cause serious injury without such observation and attention.

Since there is nothing pled to support the existence of policy number two, we dismiss it. In addition, policies one, five, and six are facts of the case, not official policy.

[38]*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.1984) (en banc).

[39]*See Oklahoma City v. Tuttle,* 471 U.S. at 820-24, 105 S.Ct. at 2434-37) (holding as improper jury instructions that permitted jurors to infer the existence of improper policies from a single unconstitutional act).

that the city adopted a policy endorsing such acts.[40]  Nevertheless, if a policy exists and is violated to cause a constitutional violation, a single application of that policy can result in liability.[41]

In this case, we need not decide whether all of the stated policies were sufficient to allege a cause of action under § 1983 since we find that at least two of the alleged policies were sufficiently pleaded.  Specifically, Plaintiffs complain that Brazos County, through its delegated policymaker, Sheriff Miller, had a policy of maintaining an on-duty jail supervisory staff that did not include anyone with authority to transfer an inmate to a medical facility.  Plaintiffs also allege a policy of inadequate monitoring of pretrial detainees which amounted to a denial of medical care.

That Colle has pleaded the existence of policies that might fasten liability on Brazos County does not, however, suffice to create a jury question.  Although plaintiffs have cited with excruciating detail the events leading up to Colle's death, as well as the alleged policies responsible for the inattention to Colle's steadily declining physical state, more facts will be needed ultimately to establish liability.  As we recently stated in *Rhyne v. Henderson County,* 973 F.2d 386, 392 (5th Cir.1992).

> A municipal "policy" must be a deliberate and conscious choice by a municipality's policy-maker.  (citation omitted).  While the municipal policy-maker's failure to adopt a precaution can be the basis for § 1983 liability, such omission must amount to an intentional choice, not merely an unintentionally negligent oversight.  (citation omitted).
>
> The Supreme Court has held that municipal failure to adopt a policy does not constitute such an intentional choice unless it can be said to have been "deliberately indifferent." *City of Canton* [*Ohio v. Harris* ], 489 U.S. [378] at 390, 109 S.Ct. [1197] at 1205 [103 L.Ed.2d 412].  A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be deprivation of rights.

As *Rhyne* holds, the ultimate jury question in this case is whether Brazos County adopted policies creating an obvious risk that pretrial detainees' constitutional rights would be violated.  While the facts pleaded by Colle could support an inference that unconstitutional county policies were the "moving force" behind the carelessness that led to Colle's death, the facts as presently pleaded only set the stage for further discovery.  *Monell v. Dept. of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

---

[40]*Cf. id.*

[41]*Oklahoma City v. Tuttle,* 471 U.S. at 822, 105 S.Ct. at 2435.

## (ii) Sheriff Miller Stands Alone

Ruby Colle's complaint also states a claim against Sheriff Miller in his individual capacity. We reiterate that § 1983 claims require allegations of specific facts, not mere conclusions. Further, when government officials are likely to invoke qualified immunity, we demand that a complaint state factual detail and particularity including why the defendant-official cannot maintain the immunity defense.[42]

Government officials are shielded by qualified immunity from liability for damages under § 1983 so long, but only so long, as their conduct has not violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[43] Thus, Miller is immune from liability unless his alleged policy of inadequate staffing and monitoring violated Colle's constitutional rights of which he reasonably should have been aware.

A constitutional right to minimally adequate care and treatment is not a novel proposition. We are persuaded that Sheriff Miller knew of or should have known that if he staffed the jail with persons having no authority to transfer a seriously ill detainee to a hospital, and if he pursued a policy of failing to monitor the critical medical condition of a detainee, these actions would be constitutionally impermissible. If the allegations in Plaintiffs' complaint are true, and they must be accepted as true, Miller should have known that such a policy would result in the deprivation of a detainee's right to reasonable medical care. At this stage of the proceeding, Miller is not entitled to a 12(b)(6) dismissal.

Accordingly, we hold that Plaintiffs have adequately stated a claim against Brazos County, and Sheriff Miller in both his official and individual capacity under § 1983. We dismiss for lack of jurisdiction claims brought by Plaintiffs Edna Colle, Judy Davidson, and Tara Rose Colle; affirm the district court's dismissal of the unnamed defendants; and reverse the court's dismissal of Plaintiffs' claims against Brazos County and Sheriff Miller.

AFFIRMED IN PART AND REVERSED IN PART.

---

[42] *Elliott v. Perez,* 751 F.2d at 1473.

[43] *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).