IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40598
(Summary Calendar)
_____


JUAN VEGA,

Plaintiff-Appellant,

versus

J.T. HICKEY Et Al.,

Defendants,

J.T. HICKEY,

Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(USDC No. C-93-CV-165)
- - - - - - - - - -
May 20, 1996
Before GARWOOD, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Vega appeals from a judgment for the defendant following a jury verdict in this 42 U.S.C. § 1983 civil rights suit. Because Vega failed to move for a judgment as a matter of law, pursuant to Fed. R. Civ. P. 50, the issue is reviewed for plain error only, and this court will reverse only if the judgment complained of results

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

in a manifest miscarriage of justice.  <u>Phillips v. Frey</u>, 20 F.3d 623, 627 (5th Cir. 1994).

Vega presented no evidence at trial demonstrating "a policy or custom which caused the constitutional deprivation."  <u>Colle v. Brazos County, Tex.</u>, 981 F.2d 237, 244 (5th Cir. 1993) (citing <u>Brummett v. Camble</u>, 946 F.2d 1178, 1182-83 (5th Cir. 1991)), <u>cert. denied</u>, 504 U.S. 965 (1992).  The evidence supported the verdict that the defendant did not act with deliberate indifference to Vega's serious medical needs as a pretrial detainee or a convicted prisoner.  <u>See</u> <u>Hare v. City of Corinth</u>, 74 F.3d 633, 643 (5th Cir. 1996) (holding that when a pretrial detainee bases his claim on a jail official's "episodic acts or omissions," the standard of subjective deliberate indifference enunciated in <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1980 (1994), is the measure of culpability) (en banc); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

AFFIRMED.