**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-11157
Summary Calendar

_____

WOODROW WILSON WILLIAMS,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; RONALD
DREWRY, Warden; C. RAINES, Warden, Assistant Warden; K.
SCOTT; Assistant Warden; D. PORTER, Grievance Coordinator; B.
PRUITT; MAXWELL; LOUISE JEAN HURD, DR.; HARMAN
SCHEAFFER, DR.; M. HILL, Correctional Officer III; H.
O'CONNOR, Correctional Officer III; M. UNIFIELDS, Lieutenant;
B. WEST, Licensed Vocational Nurse; GRAY, Licensed Vocational
Nurse; HENDRICKS MEDICAL DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-160-C

_____

May 31, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Woodrow Wilson Williams, Texas prisoner # 672377, appeals the district court's dismissal

of his civil rights complaint for failure to pay the initial partial filing fee and failure to indicate good

cause for his failure to pay. Williams has asserted that he misunderstood the order of the district

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

court and that he had thought that the initial partial filing fee would be withdrawn automatically from his account and that his authorization was not needed.

A district court has inherent power to dismiss *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962). We review such a dismissal for abuse of discretion. *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir.), *cert. denied*, __ U.S. __, 118 S. Ct. 195, 139 L. Ed. 2d 133 (1997). Although the district court dismissed Williams's suit without prejudice, he is effectively barred from refiling because of the two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 249-50, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989) (holding that federal courts should apply the general personal-injury statute of limitations of the forum state for 42 U.S.C. § 1983 claims); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 1998) (providing a two-year injury limitations period in Texas); *see also Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1027 (5th Cir. 1988) (stating that, where timely-filed Title VII suit was dismissed without prejudice for want of prosecution, the suit did not toll the limitations period for the claim). Thus, t he dismissal operates as a dismissal with prejudice. *See Long v. Simmons,* 77 F.3d 878, 880 (5th Cir. 1996) (stating that statute of limitations can cause a dismissal without prejudice to operate as a dismissal with prejudice). Although a dismissal with prejudice for want of prosecution is a discretionary matter, we generally permit it "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Colle v. Brazos County, Tex.,* 981 F.2d 237, 243 (5th Cir. 1993) (citation omitted). It does not appear from the face of the record that Williams's failure to pay the partial filing fee resulted from delay or contumacious conduct. It is therefore ORDERED that the judgment of the district court dismissing Williams's complaint be VACATED and that the case be REMANDED for further proceedings.

VACATED AND REMANDED.