# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

---

No. 98-11269
Summary Calendar

---

JOSEPH CROFTS, Individually and as Statutory Beneficiary of and Personal Representative of Estate of Patrick Joseph Crofts, Deceased,

Plaintiff-Appellant,

versus

DALLAS COUNTY HOSPITAL DISTRICT, etc; ET AL,

Defendants,

DALLAS COUNTY HOSPITAL DISTRICT, doing business as Parkland Memorial Hospital; JEROME SHRAPPES, MD, in his personal capacity; RON J ANDERSON, MD, in his personal and official capacity,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-2593-D

---

August 3, 1999

Before EMILIO M. GARZA, BENAVIDES, STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph Crofts appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 claim against Dallas County Hospital District ("DCHD"). Crofts argues that DCHD's failure to properly train and supervise its employees caused the deprivation of the constitutional rights of his now-deceased son, Patrick Joseph Crofts.

We review a grant of summary judgment *de novo,* using the same standard of review as did

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

the district court. *See Matagorda County v. Law,* 19 F.3d 215, 217 (5th Cir. 1994). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See id.*; FED. R. CIV. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, then the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *See id.*

"To establish county/municipal liability under § 1983 . . . a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation." *Colle v. Brazos County, Tex.,* 981 F.2d 237, 244 (5th Cir. 1993) (footnotes omitted). A municipality's failure to properly train its employees can be a policy or custom giving rise to § 1983 liability. *See City of Canton, Ohio v. Harris,* 489 U.S. 387, 387, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1988). However, a municipality is liable under this theory only if it is proven that: (1) the training procedures of the municipality's policymaker were inadequate; (2) the municipality's policymaker was deliberately indifferent in adopting the training policy, and (3) the inadequate training policy directly caused the constitutional deprivation. *See Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir. 1996).

Crofts has failed to establish a genuine issue of fact regarding the first required element of his claim, the inadequacy of DCHD's training procedures. Crofts has failed to produce any evidence regarding either DCHD's procedures for training hospital personnel or the deficiencies of such procedures. Instead, Crofts argues that the hospital personnel's failure to comply with hospital policy in caring for Joey is itself proof that DCHD failed to properly train its employees. This conclusional assertion cannot satisfy Crofts' summary judgment burden. Accordingly, the district court did not err in granting summary judgment to DCHD.

We AFFIRM the judgment of the district court.