IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40337
Summary Calendar
_____


RUBEN R. PEÑA,

                                        Plaintiff-Appellant,

                    versus

        JOSE ALFREDO JIMENEZ ET AL.,

                                        Defendants,

JOSE ALFREDO JIMENEZ, Constable, Individually and in his official
    capacity; DANIEL CRUZ, Individually and in his representative
    capacity; CAMERON COUNTY, TEXAS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CV-84
--------------------
January 10, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Ruben Peña appeals from the summary-judgment dismissal of his

civil rights claims against Cameron County, Texas.  He argues that

the district court erred in holding that Constable Jimenez was not

a policymaker for purposes of 42 U.S.C. § 1983 liability.

     This court reviews a grant of summary judgment applying the

same standard as the court below.  Deas v. River W., L.P., 152 F.3d

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

471, 475 (5th Cir. 1998). "To establish county/municipality liability under § 1983 . . . a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation." Colle v. Brazos County, Tex., 981 F.2d 237, 244 (5th Cir. 1993). Local governing bodies can be sued directly under § 1983 if the action that is alleged to be unconstitutional implements or executes a policy officially adopted or a custom or usage. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-95 (1978). "Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policymaking authority." Matthias v. Bingley, 906 F.2d 1047, 1054 (5th Cir. 1990).

Unless officers or employees of a municipality execute official policy, their actions do not render the municipality liable under § 1983. Id. The government entity cannot be held liable on a theory of respondeat superior for the acts of its non-policy-making employees. Colle, 981 F.2d at 244. Whether an official in fact has final policymaking authority is a question of state law. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (plurality opinion).

The issue whether Constable Jimenez is a policymaker for purposes of 42 U.S.C. § 1983 liability is foreclosed by Rhode v. v. Denson, 776 F.2d 107, 108-110 (5th Cir. 1985), which held as a matter of law that the constable of a Texas county precinct was not a policymaker, and, therefore, the county could not be held liable for his acts or edicts.

The district court determined that the intermediate state-court decision of <u>Walsweer v. Harris County</u>, 796 S.W.2d 269 (Tex. App. 1990) was alone insufficient to override the precedent set by <u>Rhode</u>. Peña does not argue that this determination was error. Moreover, Peña raised the issue that <u>Rhode</u> is not controlling for the first time in his reply brief. We therefore give it no consideration. <u>See Taita Chem. Co., Ltd. v. Westlake Styrene Corp.</u>, 246 F.3d 377, 384 n.9 (5th Cir. 2001) (issues raised for the first time in a reply brief are waived).

AFFIRMED.