IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-10779
Summary Calendar

---

STELLA LOUISE BURNS,

Plaintiff-Appellant,

versus

SHANE TAYLOR GOODMAN ET AL.,
Defendants,

CITY OF GARLAND, TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-313-L
--------------------
January 16, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Stella Burns appeals the district court's summary judgment dismissal of her 42 U.S.C. § 1983 complaint in favor of the City of Garland, Texas ("the City"). She argues that the district court erred in determining that she did not establish a genuine issue of material fact whether the City's policymakers had actual or constructive knowledge of the policies and customs which lead to the violation of her constitutional rights.

We review a grant of summary judgment applying the same standard as the court below. <u>Deas v. River W., L.P.</u>, 152 F.3d 471,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

475 (5th Cir. 1998).  "Summary judgment is properly granted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c)).  If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to set forth specific facts showing the existence of such an issue for trial.  Rule 56(e).  In reviewing the district court's grant of summary judgment, this court views the evidence in the light most favorable to the opponent of the motion and determines whether any genuine issue of material facts exists.  Brock v. Republic Airlines, Inc., 776 F.2d 523, 527 (5th Cir. 1985).

"To establish county/municipality liability under § 1983 . . . a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation."  Colle v. Brazos County, Tex., 981 F.2d 237, 244 (5th Cir. 1993).  "Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policymaking authority."  Matthias v. Bingley, 906 F.2d 1047, 1054 (5th Cir. 1990).  Unless officers or employees of a municipality execute official policy, their actions do not render the municipality liable under § 1983.  Id.  The government entity cannot be held liable on a theory of respondeat superior for the acts of its non-policy-making employees.  Colle, 981 F.2d at 244.

Burns bases her argument that policymakers had or should have

had constructive knowledge on three grounds: (1) upper-jail management knew that her rapist, Shane Goodman, had been left alone on duty in the jail on more than one occasion; (2) unnamed supervisors were aware of sexual interaction between detention officers and female arrestees; and (3) jail officials did not conduct an investigation to determine how Goodman was able to commit his crimes while on duty and no one on the night shift was disciplined or reprimanded in the aftermath of her rape.

Although Burns presented evidence that upper-level jail officials were aware that the detention officers were leaving their shifts during the night shift, the district court correctly noted that she presented no evidence that these instances were ever communicated to the City's policymakers. Burns's allegation that unnamed supervisors condoned sexual relations between male detention officers and female inmates is simply not supported by the evidence. The evidence furthermore does not support Burns's allegation that no internal investigation was ever conducted. The testimony of detention officers Mark Lamb and Doyle Edwards that they were unaware of whether such an investigation took place or whether anyone was reprimanded or terminated as a result thereof is insufficient to create a genuine issue of material fact on that issue.

Burns has not demonstrated that the district court erred in its summary-judgment decision.

AFFIRMED.