**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────────────

No. 02-30989
Summary Calendar

───────────────────

ROBERT JACKSON, III,

Plaintiff-Appellant,

versus

CADDO CORRECTIONAL CENTER; ET AL.,

Defendants,

CADDO CORRECTIONAL CENTER; STEVE PRATOR;
POLICE JURY OF CADDO PARISH; PATSY WILLIAMS;
GAY, Ms.; CADDO PARISH; COLE FLOURNOY;
BRENDA FLOWERS; DAVID BOONE; SELLS, Chief;
GARY LOFTIN; JANE DOE, Clerk of Court;
ROSIE M. HANNA; KELLY WARD; LEWIS,Captain;
JOHN DOE, Lieutenant; WALKER, Sergeant;
DAVID CARMACK; STEPHANIE CARMACK,

Defendants-Appellees.

──────────────────────────────────────────────

ROBERT JACKSON, III,

Plaintiff-Appellant,
versus

STEVE PRATOR, ET AL.,

Defendants,

STEVE PRATOR; PATSY WILLIAMS; DON HATHAWAY;
LOWE, Ms.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No.  00-CV-2717
USDC No. 01-CV-2190
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Jackson, III, Louisiana prisoner # 73202/# 162596, appeals the summary judgment in favor of the defendants on his two 42 U.S.C. § 1983 actions, which were consolidated by the district court.  On appeal, he has moved to file supplemental briefs, supplemental reply briefs, and supplemental citations.  These motions are DENIED.

Jackson does not challenge on appeal the district court's dismissal of his claims against Caddo Parish on the basis of invalid service or the ruling that his claims raised in the trial court other than his allegation that he was denied access to the courts were frivolous.  These challenges are abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.3d 744, 748 (5th Cir. 1987).  For the first time in his reply brief, Jackson asserts that the district court should have considered his objections to the magistrate judge's report and that the grievance procedure of the Caddo Correctional Center (CCC) was unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court will not consider these claims.  See Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 384 n.9 (5th Cir. 2001).

Jackson has not established that the district court did not liberally construe his claims.  The district court did not err in not ruling on defendant Patsy Williams's assertion of a qualified-immunity defense because it concluded that Jackson had not established a constitutional violation, a necessary prerequisite for a 42 U.S.C. § 1983 action.  Jackson has not shown that the district court abused its discretion in denying him discovery.  See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).  Contrary to Jackson's assertions, the district court did consider his affidavits as competent summary-judgment evidence as to the pertinent facts; his conclusional allegations on the ultimate issue of prejudice were insufficient to defeat the motion for summary judgment.  See Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

Jackson contends that the defendants interfered with his ability to file general state-law claims.  The Constitution does not protect Jackson's ability to file actions not connected to his criminal cases, his attempts at postconviction relief, or the conditions of his confinement.  Lewis v. Casey, 518 U.S. 343, 355 (1996).

Jackson contends that he was entitled to library access to prepare for his criminal case, in which he was proceeding *pro se*. Because the state courts offered him appointed counsel, his right

of access to the courts was satisfied.  See Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996).

Jackson alleges conclusionally on appeal that he suffered prejudice through the dismissal of or the inability to file lawsuits protected under Lewis.  He also maintains that he established prejudice in the district court through his allegations of the inadequacies of the materials in the CCC's law library and maintains that the district court erred in not requiring the defendants to answer those allegations.  Such conclusional allegations of prejudice are insufficient to warrant relief under 42 U.S.C. § 1983.  Colle v. Brazos County, Tex., 981 F.2d 237, 246 (5th Cir. 1993).  Moreover, Jackson's assertions by reference to his district court pleadings are insufficient to preserve error on appeal.  Perillo v. Johnson, 79 F.3d 441, 443 n.1 (5th Cir. 1996).

Jackson contends that the district court erred in ruling that he had not exhausted his administrative remedies on his claim that he was unreasonably denied access to hardbound books he ordered directly from publishers.  He has not established that the district court erred in that ruling.  See 42 U.S.C. § 1997e; Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998).  The judgment of the district court is AFFIRMED.