**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————————

No. 03-10150
c/w No. 03-10319
Summary Calendar

———————————————

SHERRY BURNS BEAVERS,

Plaintiff-Appellant,

versus

JAY BROWN, Individually; ET AL.,

Defendants,

JAY BROWN, Individually;
JAY BROWN, as Sheriff of Parker County, Texas;
ROBERT ANTHONY CORRAL, Deputy Jailer of the
Sheriff Department of Parker County, Texas;
PARKER COUNTY, TEXAS,

Defendants-Appellees.

- - - - - - - - - - - - - - - - -

SHERRY BURNS BEAVERS,

Plaintiff-Appellant,

versus

JAY BROWN, Individually; ET AL.,

Defendants,

ROBERT ANTHONY CORRAL, Individually;
ROBERT ANTHONY CORRAL, Deputy Jailer of the
Sheriff Department of Parker County, Texas,

Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Texas
(4:02-CV-336-A)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 action claiming constitutional and state law violations, Sherry Burns Beavers appeals from both a judgment (FED. R. CIV. P. 12(b)(6)) dismissing her constitutional claims against Sheriff Brown and Parker County and an earlier default judgment against Deputy Corral, awarding only nominal damages. (Notwithstanding Beavers' premature notice of appeal, we have jurisdiction over the judgment rendered in favor of Sheriff Brown and Parker County. *See **Young v. Equifax Credit Info. Servs. Inc.***, 294 F.3d 631, 634 n.2 (5th Cir. 2002).)

For the default judgment against Deputy Corral, a hearing was held concerning damages. The district court did not clearly err in finding that the sexual relationship between Beavers, an inmate, and Deputy Corral was consensual. *Cf.* **Theriot v. Parish of Jefferson**, 185 F.3d 477, 490 (5th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). We need not reach the legal issue whether this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consensual relationship violated the Constitution, because Deputy Corral's liability is not in dispute.

Beavers has pointed to no evidence overlooked by the district court in determining she had not suffered a compensable injury; therefore, she has not shown that the nominal damages award was clearly erroneous. *See* **Texas A&M Research Found. v. Magna Transp., Inc.**, 338 F.3d 394, 404 (5th Cir. 2003); **Williams v. Kaufman County**, __ F.3d __, No. 02-10500, 2003 WL 22890399, *15 (5th Cir. 9 Dec. 2003).

Beavers has also failed to demonstrate that the district court's refusal to award exemplary damages against Deputy Corral was an abuse of discretion. *See* **Sockwell v. Phelps**, 20 F.3d 187, 192 (5th Cir. 1994). Additionally, Beavers was not constitutionally entitled to a jury trial on the damages issue; nor has she demonstrated that the district court abused its discretion in denying her request. *See* FED. R. CIV. P. 55(b)(2); **In re Dierschke**, 975 F.2d 181, 185 (5th Cir. 1992).

The district court acted within its discretion in denying Beavers' request for attorney's fees, given: she produced no evidence that any damage arose from the claimed constitutional deprivation; and, moreover, her victory produced no "public benefit" to justify an award of fees in spite of receiving only nominal damages. *See* **Hidden Oaks Ltd. v. City of Austin**, 138 F.3d 1036, 1052-53 (5th Cir. 1998); 42 U.S.C. § 1988. The district

3

court also did not abuse its discretion by not ordering Beavers to submit a FED. R. CIV. P. 7 reply to the defendants' qualified immunity defense because the court dismissed Sheriff Brown and the County on grounds other than qualified immunity. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc).

Beavers' contention that the district court erroneously dismissed her claims against Sheriff Brown in his individual capacity is inadequately briefed and is therefore waived. *E.g., Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). We also reject her contention that the district court's FED. R. CIV. P. 12(b)(6) dismissal was inappropriate. *See Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000) (*de novo* review), *overruled on other grounds by*, *McClendon v. City of Columbia*, 305 F.3d 314, 328 (5th Cir. 2002), *cert. denied*, 537 U.S. 1232 (2003). Beavers' complaint failed to identify either an unconstitutional official policy or a custom instituted by Parker County and/or Sheriff Brown that caused the claimed constitutional deprivation. *See Colle v. Brazos County, Tex*., 981 F.2d 237, 244 (5th Cir. 1993). Moreover, her allegations of a causal connection between Sheriff Brown's conduct and the claimed constitutional deprivation were purely conclusional and were therefore insufficient to state a § 1983 claim for municipal liability. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

4

Finally, Beavers' complaint failed to claim that Parker County's immunity had been waived through liability under the Texas Tort Claims Act. *See **Dallas County Mental Health & Mental Retardation v. Bossley***, 968 S.W.2d 339, 341 (Tex. 1998). She has shown no error on the part of the district court in dismissing her state law claims on that basis.

*AFFIRMED*

5