**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 13, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-40754
Summary Calendar

SIDNEY MERRILL,

Plaintiff-Appellant,

versus

RICK PERRY, Governor; GARY JOHNSON;
SUSAN SCHUMACHER; TRINCI, Warden;
DIANA ELEPHANT; ET AL.,

Defendants-
Appellees.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-165
--------------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Sidney Merrill, Texas prisoner # 406322, appeals the district court's dismissal of his civil

rights complaint for failure to pay the filing fee. Merrill has asserted that he has attempted to comply

with the court's orders to pay the fee but officials at the Texas Department of Criminal Justice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(TDCJ) where he is imprisoned have not complied with his requests for a withdrawal from his inmate trust account. Merrill has also filed a motion for a restraining order and protection.

Although the district court dismissed Merrill's suit without prejudice, he is effectively barred from refiling one of his personal injury claims because of the two-year statute of limitations. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996)(statute of limitations can cause a dismissal without prejudice to operate as a dismissal with prejudice); Owens v. Okure, 488 U.S. 235, 249-50 (1989) (the general provision injury statute of limitations for the forum state is used for 42 U.S.C. § 1983 claims); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 1998)(two-year injury limitations period in Texas). It does not appear from the face of the record that Merrill's failure to pay the filing fee resulted from "delay or contumacious conduct." See Colle v. Brazos County, Tex., 981 F.2d 237, 243 (5th Cir. 1993). It is therefore ORDERED that the judgment of the district court dismissing Merrill's complaint be VACATED and that the case be REMANDED for further proceedings. Merrill's motion for a restraining order and protection is DENIED.

VACATED AND REMANDED; MOTION DENIED.