United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60455
Summary Calendar

_____

RONDEZE HARRIS; MELVIN HARRIS; DIANE HARRIS,

Plaintiffs-Appellants,

versus

DOLPH BRYANT, In His Official Capacity as Sheriff of
Oktibbeha County, Mississippi; SHANK PHLEPS, In His Official
Capacity as Deputy Sheriff of Oktibbeha County;
OKTIBBEHA COUNTY, MS.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:03-CV-621
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Rondeze Harris, Melvin Harris, and Diane Harris appeal from the district court's order granting summary judgment to defendants Sheriff Dolph Bryant, Deputy Sheriff Shank Phelps, and Oktibbeha County, Mississippi. The plaintiffs filed this 42 U.S.C. § 1983 civil rights complaint alleging that Bryant was a policy-making official who caused the false arrest, false imprisonment, and malicious prosecution of Rondeze, as well as the unconstitutional

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

search and seizure of the plaintiffs' home and possessions by authorizing his deputies to seek search and arrest warrants without probable cause. We need not address the judgment in favor of Phelps, as the plaintiffs have not briefed any error in that regard. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

"This court reviews the district court's grant of summary judgment de novo." United Fire and Cas. Co. v. Hixson Bros. Inc., 453 F.3d 283, 284 (5th Cir. 2006). Summary judgment is proper when, viewed in the light most favorable to the nonmovant, the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006); FED. R. CIV. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); FED. R. CIV. P. 56(e). "[T]he nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004).

The claims against Bryant in his official capacity are treated as claims against the county itself. See Turner v. Houma Mun. Fire and Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000). A

governmental entity or municipality can be held liable under § 1983 only if official policy or custom caused the deprivation of a constitutional right. Monell v. Dep't of Social Servs. Of City of New York, 436 U.S. 658, 694 (1978). It cannot be held liable under a respondeat superior theory. Colle v. Brazos County, Tex., 981 F.2d 237, 244 (5th Cir. 1993).

In Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), the Supreme Court concluded "that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." The Court later addressed whether a "single act by a decisionmaker with final authority in the relevant area constitutes a 'policy' attributable the municipality itself." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). The court concluded that such an action could be policy for which a government entity is liable, so long as the plaintiffs demonstrate "the requisite degree of culpability," that is, the plaintiffs must "also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Id. at 405.

The plaintiffs have not alleged that Bryant or the county had the requisite degree of culpability in the instant case. They have not shown that Bryant knew that his deputies would submit false information in order to procure the warrants at issue, nor have they shown a "continued adherence" by policymaking officials "to an approach that they know or should know has failed to prevent

tortious conduct by employees." <u>Id.</u> at 407. Their conclusory allegations and unsubstantiated assertions do not suffice to create a genuine issue of material fact. <u>See</u> <u>Freeman</u>, 369 F.3d at 860.

The judgment of the district court is AFFIRMED.