IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11396
Summary Calendar
_____

CLIFFORD MEDLEY,

Plaintiff-Appellant,

versus

CITY OF AMARILLO, TX; POTTER COUNTY, TEXAS;
VARIOUS UNKNOWN NAMED AGENTS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-217
--------------------

October 5, 1999

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Clifford Medley, Texas prisoner # 824224, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)
because it was time-barred. Medley argues that the district
court erred in dismissing his complaint on the basis of the
statute of limitations because it is an affirmative defense which
should be raised by the defendants after service of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint. Although the defense of limitations is an affirmative

defense, the district court may raise the defense <u>sua</u> <u>sponte</u> in

making a § 1915(d) (now § 1915(e)(2)(B)(i)) frivolity

determination. <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir.

1993).

Medley argues that he filed his original complaint naming

the unknown agents as defendants before the two-year period, that

the Clerk erred in failing to file and docket this complaint, and

that when he filed the complaint form which the Clerk had mailed

to him, he did not intend to file it as an amended complaint with

the effect of superseding his original complaint. Even if all of

this is accepted as true, the district court correctly applied

<u>Jacobsen v. Osborne</u>, 133 F.3d 315 (5th Cir. 1998) in holding that

any amendment after the two-year period to substitute the names

of the unknown defendants would not relate back to the original

complaint.

Even if Medley's claims against the City and County are not

time-barred, his claims are frivolous because his allegations

against these defendants are fanciful, delusional, and

conclusionary. "To establish county/municipality liability under

§ 1983 . . . a plaintiff must demonstrate a policy or custom

which caused the constitutional deprivation." <u>Colle v. Brazos</u>

<u>County, Tex.</u>, 981 F.2d 237, 244 (5th Cir. 1993). Medley's

allegations of "policy" are conclusional and are thrown into his

complaints and other pleadings as nothing more than a device to

attempt to establish respondeat superior liability. Medley

states in his brief that if he has failed to demonstrate custom or policies he should be afforded an opportunity to amend his complaint. Medley was given numerous opportunities to amend his complaint and to make clear his claims against the defendants, and he failed to do so except in the most conclusionary terms.

Further, his allegations regarding the officers' and deputies' alleged use of devices which detached his "Achilles heels" at a distance of 30 to 40 feet, and the alleged use of an electronic device to scan his neck for a transponder placed under his skin for identification purposes, are fanciful and delusional and are subject to dismissal as frivolous. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Medley argues that the district court's handling of his case was erroneous in just about every respect. He lists a series of alleged errors in the district court's denial of various motions and asks this court to review the district court's actions for abuse of discretion. He states that he cannot brief all of the errors and he asks the court to review the record and enter the judgments appropriately.

This Court has no procedure for plenary review of the record. Pro se briefs must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Arguments, however, must be briefed to be preserved. Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987); see Fed. R. App. P. 28(a)(9).

Medley argues that the district court abused its discretion in denying him an extension of time to file his objections. However, Medley states that "[e]ven if the objections were not

heard, they were made various times prior to the drafting of the magistrate judge's Report and Recommendation.  Plain errors are present throughout the record."  Again, he asks this court "to review the entire record for error of abuse of discretion and violations of due process as well as for contrary to law."  He does not state what his objections were or attempt to show how they could have changed the outcome of the case.  This issue is inadequately briefed.  Brinkmann, 813 F.2d at 748.

Medley argues that the district court abused its discretion in not ruling on his motion for appointment of counsel filed on April 20, 1998, and that the court should have granted it.  The district court denied his motion in its order of adoption.  The district court did not abuse its discretion.  Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Medley's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it should be dismissed.  See 5th Cir. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  We caution Medley that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS.